Zhang v. Holder

BIA
Jankun, IJ
A077 922 005

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of August, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

JIAN HUA ZHANG, AKA JOHN DOE,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

10-2721-ag
NAC

FOR PETITIONER:        Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Dara S. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Hua Zhang, a native and citizen of the People's Republic of China, seeks review of a June 11, 2010, decision of the BIA affirming the July 25, 2005, decision of immigration judge ("IJ") William F. Jankun. *In re Jian Hua Zhang*, No. A077 922 005 (B.I.A. June 11, 2010), *aff'g* No. A077 922 005 (Immig. Ct. N.Y. City July 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The only issue we need consider is whether the BIA erred in finding that Zhang, presumed credible and presumed to have timely filed his asylum application, failed to demonstrate a

-2-

well-founded fear of persecution.[1]  Substantial evidence supports that determination.

In concluding that Zhang failed to demonstrate a well-founded fear of persecution for having distributed Christian pamphlets, the BIA reasonably relied on the fact that Zhang presented no testimony or documentary evidence that authorities remained interested in pursuing him for his distribution of Christian pamphlets more than five years prior to the conclusion of his removal proceedings.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record for [petitioner's] assertion that he will be subjected to [persecution], his fear is speculative at best").  Moreover, insofar as Zhang asserted a fear of persecution on account of his Christian faith alone, the BIA reasonably relied on the fact that Zhang's Christian brother remained unharmed in China to discount that claimed fear.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Accordingly, because the BIA reasonably found that Zhang failed to demonstrate a well-founded fear of persecution, it did not err in denying his applications for

---

[1]In his brief, Zhang explicitly abandons any challenge to the agency's finding that he did not establish past persecution and does not challenge the BIA's determination that he failed to establish a likelihood of torture.

asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk